IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

                              Case No. 1:15-cr-10338-8 FDS
          v.                  (*USA v. Recines-Carcia*)


JOSE HERNANDEZ-MIGUEL,
          Defendant.


MOTION FOR DOWNWARD VARIANCE

Preliminary

Defendant, Jose Hernandez-Miguel, by his counsel, Kevin L. Barron, Esq., respectfully moves this Honorable Court for a variance from Guidelines Sentence Range as a sentence not greater than necessary to serve the purposes of the Sentencing Reform Act.  See, *United States v. Kimbrough*, 552 US 85 (2007) ("that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing. 18 USC §3553(a) (2000 ed. and Supp. V).")

Defendant advances two separate grounds for varying from the 151 - 168-month GSR.  First, the Court should allow a variance from Criminal History Category II to CHC I for overrepresentation of Criminal History Category within the meaning of USSG §4A1.3(b) where "there is reliable information to indicate that the defendant's criminal history category substantially over-represents the seriousness of the defendant's

criminal history...."  See, PSR ¶¶60 - 63 (2007 counsel-waived plea in California to 0.8 BAC operating under the influence and leaving first offender program garners three criminal history category points).  Secondly, the Court should reduce Mr. Hernandez's offense level because he had a mitigating role in violent enterprise conduct and played a minor-minimal role in drug distribution under the policy rationale of USSG §3B1.2. Discussed, *infra*, *e.g.*, opposing the admission of co-defendant Joel Martinez ("Animal") to the ESLS clique or refusing to give a clique gun to drunken co-defendant "Vida Loca" for use in a murder.

FACTS

A.   Three CHC Points for OUI Over Represents Criminal History

Mr. Hernandez was arrested on June 30, 2007 in California for operating under the influence of liquor.  PSR, ¶60.  Police detained Mr. Hernandez over the weekend and Mr. Hernandez waived counsel and pled guilty at his initial appearance.  *Id.*  Mr. Hernandez was sentenced to five days in jail with credit for time served and, as Mr. Hernandez reports, probation with the condition of completing a driver reeducation program.  Mr. Hernandez reports he attended and paid for the reeducation program for two months (as the date of the November 9, 2007 warrant four months after conviction corroborates), but could not afford the weekly payments of over $100.00 that the program

required.  He reports he was dropped from the program for non-payment and the warrant later issued for his arrest.  Mr. Hernandez, without counsel, did not seek relief from the payment conditions of his probation.

B.   Defendant's Mitigating Role in Clique

As the Court will recall from the evidence at the trials in this case, Mr. Hernandez opposed and refused participation in certain violent enterprise conduct.

Mr. Hernandez attempted to exert a moderating influence on the clique's leaders.  As an older member of his clique, he opposed the admission of some of the younger, more violent persons later admitted by clique leaders Herzon Sandoval a/k/a "Casper" and Edwin Guzman, a/k/a "Player".  Hernandez argued with Sandoval and Guzman that the younger members were irresponsible and difficult to control, as events later bore out. In particular, Hernandez was opposed to the admission of Joel Martinez a/k/a "Animal".  Martinez went on to perpetrate murders and attempted murders and was committed to 480 months upon a plea to one racketeering count.  Judgment, Doc 2472.  Mr. Hernandez was also opposed to the admission of Louis Solis-Vasquez, a/k/a "Bruho", convicted at trial of racketeering murder and committed to 420 months.  Judgment, Doc. 2980.

In another instance, Mr. Hernandez counseled against giving co-defendant Hector Enamorado, a/k/a "Vida Loca", a clique gun for use in a killing over an argument in a bar.  Mr. Hernandez argued to co-defendant Noe Salvador Perez-Vasquez, a/k/a "Crazy" that Enamorado was drunk and irresponsible and that Enamerado should not allow him to undertake the reprisal killing.  When Mr. Hernandez's advice was rejected, Mr. Hernandez refused to participate in delivery of the firearm to Enamorado who then used the weapon in a shooting and was sentenced to life in prison.  Judgment, Doc. 2754.

C.   Lesser Role in Some Offenses, Non-participation in Others

Mr. Hernandez played a lesser role in the violent conduct of the enterprise and in drug distribution.  Mr. Hernandez was convicted upon plea of one instance of violent enterprise conduct, particularly, stabbing a rival gang member at Liberty Park in 2015.  Mr. Hernandez answered a call to a fight between 18th Street gang members and the members of his clique. Hernandez obtained another clique member's large knife and entered the affray, stabbing and injuring an 18th Street gang member.  At least in terms of the violence for which the MS-13 enterprise is known, Mr. Hernandez's participation in an armed gang brawl already underway does not involve the typical

premeditated, planned assassinations conducted by co-defendants and for which La Mara Salvatrucha is widely known.

Mr. Hernandez has also pled guilty to his involvement in a cocaine distribution sting operation by members of the Task Force posing as narcotics traffickers transporting multiple kilograms of cocaine across state lines.  Mr. Hernandez's presence was supposed to provide the protection of the MS-13 enterprise to drug dealers.  Hernandez was paid $500.00 for his role in the sting.  Mr. Hernandez also admitted in his plea to providing protection for or facilitating other small drug transactions in which he was paid a small fee, usually $100.00.

ARGUMENT

POINT I:
GENERAL APPLICABILITY
OF PARSIMONY PRINCIPLE

The facts described above show that the 151-month GSR would be greater than necessary under an analysis of §3553(a) factors. The First Circuit explained the "parsimony principle", of whether a given sentence is greater than necessary to serve the purposes of the Sentencing Reform Act, in *United States v. Yonathan Rodriguez*, 527 F.3d 221 (1st Cir. 2008).  In *Rodriguez,* the court stressed that the Supreme Court requires a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a

tapestry of factors, through which runs the thread of an overarching principle." *Id.* at 228.

POINT II:
OVER REPRESENTATION OF
CRIMINAL HISTORY CATEGORY

The Court should reduce Mr. Hernandez's Criminal History category from CHC II to CHC I in accordance with the rationale of USSG §4A1.3(b).  Adding three points for Mr. Hernandez's uncounseled plea at a 2007 arraignment in California state court and absconding from an unaffordable driver reeducation program (PSR ¶¶61 - 63) over represents defendant's criminal history. Therefore, his GSR should be 135-168 months at CHC I and offense level 33 (before minor-minimal role adjustment argued below). USSG, Table 5A.

Where "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  USSG §4A1.3(b)(1). Defendant's OUI conviction and absconding from the driver reeducation program falls squarely within the ambit of application note 3's example of grounds for downward departure:

A downward departure from the defendant's criminal history category may be warranted if,

> for example, the defendant had two minor
> misdemeanor convictions close to ten years prior
> to the instant offense and no other evidence of
> prior criminal behavior in the intervening
> period.

USSG §4A1.3, application note 3.  Similarly, the defendant's

2007 uncounseled conviction and sentence for a minor offense

should not be used to elevate defendant's low end of GSR by 16

months.  The conviction occurred eight years before the conduct

in the indictment and is for a lower form of misdemeanor offense

(OUI, no aggravating factors).  Furthermore, the additional 16-

month penalty far exceeds the original sentence for OUI or a

sentence usually imposed for more serious misdemeanors.  The

Court may also note there was no accident victim or restitution

to pay.  Moreover, had Mr. Hernandez not waived counsel, he

could have moved for relief from the expensive program payments

to avoid absconding or incarceration.

No provision of the Guidelines or related application notes

impede defendant's request for a variance from over

representation of criminal history.  The request does not

violate any of the prohibitions of USSG §4A1.3(b)(2) such as

requesting a departure below CHC I or departures involving Armed

Career Criminal Acts sentences and repeat sex offenders.  Nor is

Mr. Hernandez's request for a variance subject to any of the

Guideline's limitations on Career Offenders or on safety valve

sentences.  See, USSG §4A1.3(b)(3).

Counsel finds little guidance from the Court of Appeals concerning application of this Guideline.  One unreported decision upholds denial of such a variance on an abuse of discretion standard reviewable for reasonableness. *United States v. Ayala*, No. 07-1570 (1st Cir. 2008) [U] (*Kimbrough* error deemed harmless).  Defendant agrees that the fact-based inquiry here is subject to that standard of review.  Other cases mention the district court's allowance of a variance or departure for over representation of criminal history in discussion of procedural history but not as an issue presented for appeal. See, *e.g.*, *United States v. Fields,* 823 F.3d 20, 24 (1st Cir. 2016), *United States v. Almenas*, 553 F.3d 27 (1st Cir. 2009) and *United States v. Rodriguez*, 527 F.3d 221 (1st Cir. 2008).


POINT III:
### DEFENDANT SUBSTNTIALLY LESS CULPABLE PARTICIPANT WARRANTING THREE-POINT REDUCTION IN OFFENSE LEVEL

A.   Contours of the Law

Mr. Hernandez seeks a three-point variance from offense level because he is a substantially less culpable than other defendants.  USSG §3B1.2 provides for two, three and four-level decreases in offense level, depending on a defendant's mitigating role in offense conduct.  In cases falling between the respective two and four-level decreases of minor and minimal

role adjustments, USSG §3B1.2 provides a decrease by 3 levels.[1]
See, USSG §3B1.2.  Application of §3B1.2 turns on whether the
defendant's particular role in the criminal activity was
committed as a "minimal" or "minor" participant.  The sentencing
court's determination "is based on the totality of the
circumstances and involves a determination that is dependent
upon the facts of the case" USSG §3B1.2, Application note 3(C).
A defendant seeking this adjustment bears the burden of proof by
a preponderance.  See, e.g., *United States v. Carpenter*, 252
F.3d 230, 234 (2d Cir. 2001).  The fact-specific nature of
mitigating role determinations is subject to a deferential
standard of review.  *United States v. Teeter*, 257 F.3d 14, 31
(1st Cir. 2001).


B. Substantially Less Culpable than the Average Participant

     The totality of the circumstances shows that Mr. Hernandez
is substantially less culpable than the average participant in
this case.  Application Note 3(A) explains that §3B1.2 "provides
a range of adjustments for a defendant who plays a part in
committing the offense that makes him substantially less
culpable than the average participant."  USSG §3B1.2, comment.
(n.3(A)).  Counsel acknowledges the obvious limitations of this

---

[1] See, "Aggravating and Mitigating Role Adjustments Primer
§§3B1.1 & 3B1.2", Office of General Counsel, US Sentencing
Commission, March 2013, *passim,* this section, POINT III.

analysis.  The Court is not obliged to scale the criminal
conduct of each defendant in every case to identifies those
defendants eligible for this role adjustment.  On the other hand,
where a defendant expresses objections to co-defendants' offense
conduct, counsels against and avoids participation in the most
serious conduct, the Court would be obligated to consider the
adjustment in the totality of the circumstances as it should in
Mr. Hernandez's case.

C.    Minimal to Minor Participant

     Mr. Hernandez's conduct falls between the minor and minimal
role adjustments.  Upon determining that a defendant was
"substantially less culpable than the average participant,"
Application Notes 4 and 5 explain how to distinguish between
"minimal" and "minor" participants.  Application Note 4 provides
that §3B1.2(a)'s 4-level reduction for minimal participants
applies to defendants who are plainly among the least culpable
of those involved in the conduct of a group." USSG §3B1.2,
comment. (n.4).  The note further provides that "the defendant's
lack of knowledge or understanding of the scope and structure of
the enterprise and of the activities of others is indicative of
a role as minimal participant." *Id.*  Application Note 5
provides that §3B1.2(b)'s 2-level reduction for minor
participants applies to defendants who are "less culpable than

most other participants, but whose role could not be described as minimal." USSG §3B1.2, comment. (n.5).

Mr. Hernandez's role cannot be described as minimal because he had knowledge of the clique's unlawful activities, participated in clique meetings and in some of the clique's crimes.  Nonetheless, he is far less culpable than other members of his clique, both because he did not participate in or plan murders, argued against the some of clique's violence and sought to exclude younger, more volatile clique members.


D.   Case Law's Emphasis on Fact-Driven Inquiry Favors
     Adjustment for Defendant's Mitigating Role

Whether the defendant is entitled to a mitigating-role adjustment is a fact-driven inquiry" USSG §3B1.2, comment. (n.3(B)). Given the fact-dependent nature of §3B1.2 role adjustments, there are few clear principles for guidance. Courts, however, have interpreted §3B1.2 and its commentary in order to give additional guidance for determining whether to apply a mitigating-role adjustment.  Some courts have offered variations on Application Note 3(A)'s "substantially less culpable" language. The minor role adjustment only applies if the defendant, like Mr. Hernandez, shows that his "involvement, knowledge and culpability were materially less than those of other participants" and not merely that other participants in

11

the scheme may have been more culpable.  *United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001).  A defendant is not substantially less culpable if he was deeply involved in the offense, even if he was less culpable than the other participants. See *United States v. Cubillos*, 474 F.3d 1114, 1120 (8th Cir. 2007).

Under the law of this Circuit, Mr. Hernandez is admittedly not entitled to the 4-level "minimal" participant adjustment because he was not a "peripheral figure" in the criminal activity.

> To qualify as a minimal participant, a defendant must prove that he is among the least culpable of those involved in the criminal activity. . . . In short, a defendant must be a plainly peripheral player to justify his classification as a minimal participant.

*United States v. Santos*, 357 F.3d 136, 142 (1st Cir. 2004); see also United States v. Teeter, 257 F.3d 14, 30 (1st Cir. 2001) ("... minimal participant ... would have to prove by a preponderance of the evidence that [he] was, at most, a peripheral player in the criminal activity.")  On the other hand, the totality of the circumstances show that Mr. Hernandez took a minor role in many clique activities *and* provided a moderating influence, allowing grounds for more than a minor role adjustment.


E.   Ample Discretion in Justifying Role Adjustment

This Court has wide discretion in the determining factors to support its role adjustment.  Mr. Hernandez's role in clique activities was generally more moderate than that of other defendants.  The trial record is clear that Mr. Hernandez did not plan or assist in murders (the principal business of MS-13) nor did he plan for the drug courier operation or other major clique activities.  Indeed, had the clique leaders accepted his counsel, the clique would not have had assassins "Bruho" and "Animal" among its members.  While the Court must state its reasons for the sentence, its rationale in varying may be "straightforward" and "conceptually simple".  *Rita v. United States*, 551 U.S. 338 (2007).  See, also *Gall v. United States,* 552 US 38 (2007).  A sentencing court should consider factors such as the the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and his awareness of the nature and scope of the criminal enterprise.  *United States v. Yu*, 285 F.3d 192, 200 (2d Cir. 2002).  Such factors are useful in determining Mr. Hernandez's lower relative culpability in light of the ample information that exists about the criminal organization. See, *United States v. Rodriguez*, 342 F.3d 296, 299 (3d Cir. 2003).

CONCLUSION

For the reasons set forth above, this motion should be granted.

Dated: January 16, 2019          Respectfully submitted,
                                 Jose Hernandez Miguel,
                                 Defendant, by his counsel
                                 s/Kevin L. Barron
                                 Kevin L. Barron, Esq. 550712
                                 50 Congress St. - Ste. 600
                                 Boston MA 02109-4075
                                 Tel. (617) 407-6837


CERTIFICATE OF SERVICE

Counsel certifies that he has caused a true copy of this motion to be served today on counsel for all the parties through the CM/ECF system of this District as set forth in the notice of electronic filing and that no party requires service by other means.  Counsel certifies further that he has sent a true copy of this motion to USPO Tricia Marci by her official electronic mailing address of Tricia_Marcy@map.uscourts.gov.

s/Kevin L. Barron